UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| THOMAS E. JACKSON JR.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SOCIAL SECURITY,<br><br>　　　　　　　　Defendant. | Case No. 2:16-00978-GMN-PAL<br><br>**SCREENING ORDER**<br><br>(IFP App – Dkt. #1) |
|---|---|

Plaintiff Thomas E. Jackson Jr. has submitted an Application to Proceed *In Forma Pauperis* (Dkt. #1) pursuant to 28 U.S.C. § 1915 along with a Complaint. This Application and Complaint are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

**I.    *IN FORMA PAUPERIS* APPLICATION**

Mr. Jackson's Application includes the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted. The Court will now review the Complaint.

**II.   SCREENING THE COMPLAINT**

After granting a request to proceed *in forma pauperis*, a federal court must additionally screen the complaint and any amended complaints filed prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) "applies to all *in forma pauperis* complaints"). The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure applies to all civil actions, with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). For purposes of 28 U.S.C. § 1915's screening requirement, a properly pled complaint must therefore provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that liberal construction of pro se pleadings is still required after *Twombly* and *Iqbal*).

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether a plaintiff states a valid claim, the court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Mr. Jackson's Complaint suggests he is challenging a decision by the Social Security Administration ("SSA"), but it is unclear whether he applied for disability insurance benefits, supplemental security income, or both. To state a valid benefits claim, a complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Starr*, 652 F.3d at 1216. Although this showing need not be made in great detail, it must

be presented in sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2015).

## A. Exhaustion of Administrative Remedies

Before a plaintiff can sue the SSA in federal court, he must exhaust his administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). What constitutes a "final decision" is defined through agency regulations rather than statutory text. *See* 42 U.S.C. § 405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Generally, if the SSA denies a claimant's application for disability benefits, he can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, the ALJ's ruling will stand as the final decision and a claimant may then request review by the United States District Court. *See* 20 C.F.R. §§ 404, 416.

Although review by the Appeals Council is discretionary, the claimant must still petition for review in order to receive a final decision. *Sims v. Apfel*, 530 U.S. 103, 107 (2000) ("If a claimant fails to request review from the Appeals Council, there is no final decision and, as a result, no judicial review in most cases."); *see also Salfi*, 422 U.S. at 765–66 (a claimant who fails to request the Appeals Council's review has failed to exhaust administrative remedies). The Ninth Circuit has also reiterated that the ALJ's decision following the hearing does not become the SSA's final decision "until the claimant requests review by the appeals council, and the appeals council either grants or denies review." *Bass*, 872 F.2d at 833; *see also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (an ALJ's decision is not final "until the Appeals Council denies review or, if it accepts a case for review, issues its own findings on the merits").

In this case, Mr. Jackson has not alleged he exhausted his administrative remedies. For example, he does not allege that he petitioned the Appeals Council for review or that the Appeals Council denied his request for review. There is no indication that the ALJ's decision became the final decision of the Commissioner; therefore, it appears Mr. Jackson has failed to exhaust his administrative remedies. Additionally, the Complaint does not allege that it was timely filed. Once a plaintiff has exhausted his administrative remedies, he can obtain review of an SSA decision denying benefits by filing a civil action within 60 days after notice of a final decision. *See* 20 C.F.R. §§ 404, 416. Here, the Complaint does not allege a date when the ALJ issued a decision denying his claim for benefits. Thus, the Court is unable to determine whether his Complaint was timely filed. Based on these omissions and the additional deficiencies explained below, the Court will dismiss Mr. Jackson's Complaint with leave to amend by June 13, 2016.

An action for judicial review of a determination by the SSA must be brought in a District Court of the United States for the judicial district in which a plaintiff resides. *Id.* Here, the Complaint indicates that Mr. Jackson resides within the District of Nevada. Accordingly, he has satisfied this jurisdictional prerequisite for judicial review.

**B.      Grounds for Jackson's Appeal and the Nature of the Disability**

Mr. Jackson's Complaint appears to seek judicial review of the SSA's decision denying benefits and may want the Court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the SSA's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In his Complaint, Mr. Jackson states that his lawyer was not prepared with all the facts and evidence and he would like to go in front of a judge with all the facts and evidence of his disability. However, Jackson has not stated the nature of his disability or alleged when it commenced. Additionally, Mr. Jackson merely implies that the SSA's decision to deny him

- 4 -

benefits was wrong, but he fails to indicate *why* the decision is wrong. Rule 8's pleading standard requires more than a "formulaic recitation of the elements of a cause of action" and more than "labels and conclusions." *Iqbal*, 556 U.S. at 678. A complaint merely stating that the SSA's decision was wrong and failing to describe plaintiff's disability is insufficient to satisfy Rule 8's pleading requirement because the complaint does not provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Cf. Starr*, 652 F.3d at 1216 (addressing post-*Iqbal* pleading standards and holding that a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Accordingly, Mr. Jackson's Complaint fails to state a claim upon which relief can be granted, and the Court therefore dismisses the Complaint with leave to amend by June 13, 2016. The Clerk of the Court will be instructed to mail Plaintiff a blank form complaint for review of social security decision.[1]

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Thomas E. Jackson Jr.'s Application to Proceed *In Forma Pauperis* (Dkt. #1) is **GRANTED**. Mr. Jackson is not required to pay the $400 filing fee.

2. Mr. Jackson is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Clerk of Court SHALL FILE the Complaint, but SHALL NOT issue summons.

4. The Complaint is DISMISSED WITH LEAVE TO AMEND. Mr. Jackson shall have 30 days from the date of this order, or until **June 16, 2016**, to file an amended complaint, if he believes he can correct the noted deficiencies.

5. The Clerk of the Court SHALL MAIL Mr. Jackson one blank form complaint for review of social security decision along with the instructions for completing the form.

---

[1] The Complaint for Review of Social Security Decision, Pro Se Form 13, is also available for download on the United States Courts' website at http://www.uscourts.gov/forms/pro-se-forms/complaint-review-social-security-decision.

6. Mr. Jackson shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision" in the caption on the first page, and he shall include 2:16-cv-00978-GMN-PAL in the space for "Case No."

7. Failure to file an amended complaint by **June 16, 2016**, may result in a recommendation to the district judge that this case be closed.

Dated this 16th day of May, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE